IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEANNIE MARIE HOWLEY,                    )<br>                                                               )<br>                    Appellant/Debtor,       )<br>                                                               )          CIVIL ACTION<br>v.                                                            )<br>                                                               )          No. 11-2194-KHV<br>CARL R. CLARK,                                  )<br>                                                               )<br>                    Appellee/Trustee.          )<br>                                                               ) | |

**MEMORANDUM AND ORDER**

Under 28 U.S.C. § 158(a), debtor Jeannie Marie Howley appeals from two orders entered by U.S. Bankruptcy Judge Dale L. Somers in <u>In Re: Alen Ray Howley, Jeannie Marie Howley</u>, Case No. 10-BK-20713 (United States Bankruptcy Court, District of Kansas).[1] This matter is before the Court on the <u>Trustee's Motion To Dismiss Appeal For Lack Of Subject Matter Jurisdiction</u> (Doc. #2) filed May 3, 2011. The trustee argues that this Court lacks subject matter jurisdiction over the appeal because the debtor filed her <u>Notice Of Appeal</u> one day late. For the reasons stated below, the Court sustains the trustee's motion.

On October 26, 2010, Judge Somers entered a <u>Memorandum Opinion And Order Sustaining Trustee's Objection To Debtor's Exemption Claim</u> (Docs. #38 and 39 in 10-BK-20713). Debtors filed a motion to alter or amend the bankruptcy court's order, which Judge Somers overruled on February 23,

---

[1] The bankruptcy case involved two debtors, Alen Ray Howley and Jeannie Marie Howley. Both debtors requested an extension of time to file a notice of appeal, but only Jeannie Howley appealed. See <u>Notice Of Appeal</u> (Doc. #1) filed April 1, 2011; <u>Motion To Extend Time</u> (Doc. #2-1) filed May 3, 2011.

2011.  See Docs. #56 and 57 in 10-BK-20713.  Under Rule 8002(a)-(b), Fed. R. Bankr. P., debtors had 14 days from February 23, 2011, i.e. until March 9, 2011, to file a notice of appeal from both orders.

On March 9, 2011, under Rule 8002(c), Fed. R. Bankr. P., debtors filed a motion to extend the time to file a notice of appeal from the bankruptcy court's orders (Docs. #38, 39, 56 and 57 in 10-BK-20713).  Motion To Extend Time (Doc. #59 in 10-BK-20713).  In the motion, debtors asked the bankruptcy court to extend the time to file a notice of appeal to March 30, 2011, i.e. 21 days from March 9, 2011, the date on which the initial 14-day appeal period would have expired.  At the same time, debtors sent the bankruptcy court a proposed order which extended the time to appeal to March 31, 2011.  On March 14, 2011, the bankruptcy court entered the order giving the debtors until March 31, 2011 to file a notice of appeal.  Order Granting Motion For Extension Of Time (Doc. #60 in 10-BK-20713).  On March 31, 2011, debtor filed a notice of appeal in the bankruptcy case.[2]

Rule 8002(a), Fed. R. Bankr. P., provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  If a party files a timely motion to alter or amend the judgment, the 14-day period runs from the entry of the order disposing of that motion.  Fed. R. Bankr. P. 8002(b).  Under certain circumstances, the bankruptcy judge may extend the time for filing a notice of appeal.  Fed. R. Bankr. P. 8002(c).  In any event, the extension of time for filing a notice of appeal "may not exceed 21 days from the expiration of the time for filing a notice of appeal . . . or 14 days from the date of entry of the order granting the motion, whichever is later."  Fed. R. Bankr. P. 8002(c)(2).  Under these rules, the bankruptcy court lacked authority to grant

---

[2] The notice of appeal which debtor filed with the clerk of the bankruptcy court on March 31, 2011 is the operative filing and filing date, even though the district court did not receive the notice of appeal until April 1, 2011.  See Fed. R. Bankr. P. 8002(a) ("notice of appeal shall be filed with the clerk"); Fed. R. Bankr. P. 9001(3) ("'Clerk' means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court.").

an extension of time to file a notice of appeal beyond March 30, 2011, i.e. 21 days from March 9, 2011, the day on which the initial period for filing a notice of appeal expired.

Debtor does not dispute that the bankruptcy court lacked authority to extend the time to file her notice of appeal beyond March 30, 2011. She also does not dispute that she filed her notice of appeal one day late. Failure to file a timely notice of appeal is a jurisdictional defect which bars appellate review of a bankruptcy court's order. In re Latture, 605 F.3d 830, 831-32 (10th Cir. 2010).[3] Debtor argues that the doctrine of unique circumstances may excuse her tardy filing of a notice of appeal.[4]

The doctrine of unique circumstances permits an untimely appeal to go forward "where a party has performed an act which, if properly done, would postpone the deadline for filing [an] appeal." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989); Weitz v. Lovelace Health Sys., Inc., 214 F.3d 1175, 1180 (10th Cir. 2000); In re Home & Family, Inc., 85 F.3d 478, 479 (10th Cir. 1996). The

---

[3] In re Latture addressed whether the 14-day limit in Rule 8002(a) imposed a jurisdictional requirement. 608 F.3d at 836-37. Here, debtor appeals under Rule 8002(c) because she received an extension of time to file a notice of appeal. The Tenth Circuit's reasoning in In re Latture applies equally to Rule 8002(c). See id. The time limits in Rule 8002(c) therefore also impose jurisdictional requirements. See id. Debtor does not seem to contest this conclusion.

[4] Debtor also argues that under United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010), the trustee should be required to attack the bankruptcy court's erroneous order in the bankruptcy court under Rule 60(b)(4), Fed. R. Civ. P. This argument is without merit. United Student Aid Funds involved whether a bankruptcy court order that confirmed the discharge of a student loan debt in the absence of an undue hardship finding or an adversary proceeding, or both, was a void judgment for purposes of Rule 60(b)(4), Fed. R. Civ. P. Id. at 1373. In that case, a creditor challenged a bankruptcy court order under Rule 60(b)(4) arguing that the order was void because it did not comply with statutory requirements. Id. at 1378. The Supreme Court was "not persuaded that a failure to find undue hardship in accordance with [the bankruptcy statute was] on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4)." Id. at 1378-79.
    The Court need not decide whether, under Rule 60(b)(4), the trustee in this case could have or should have challenged the bankruptcy court's order extending the debtor's time to file a notice of appeal. It is enough to note that the debtor points to nothing in United Student Aid Funds that would require the trustee to do so.

doctrine is disfavored and should be applied only in carefully limited circumstances. In re Home & Family, 85 F.3d at 481.

Debtor argues that even though the bankruptcy court clearly lacked authority to extend her deadline for filing a notice of appeal beyond March 30, 2011, her reliance on the court's order constitutes a unique circumstance. The Tenth Circuit has rejected this argument. See, e.g., Weitz, 214 F.3d at 1178-80 (appellant's reliance on court order extending time for filing appeal not unique circumstances where rules clearly forbade extension); Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 56-58 (10th Cir. 1990) (same). A "case does not present unique circumstances where a plain reading of the rules would have allowed the party to avoid the error." Weitz, 214 F.3d at 1179. An appellant has a duty to familiarize herself with the appellate rules, and reliance on a plainly unauthorized extension of time is not reasonable. Certain Underwriters, 896 F.2d at 1258.

Here, a plain reading of the rules would have allowed the debtor to avoid the late filing. Indeed, debtor's motion for extension of time cited the correct deadline – March 30, 2011. Moreover, plaintiff invited the bankruptcy court's error by submitting to the court a proposed order with the erroneous and unauthorized extension to March 31, 2011. See id.[5] For these reasons, this case does not present unique

---

[5]     Weitz emphasized the importance of parties' assistance in ensuring compliance with the rules, as follows:

> It makes great practical sense to require the parties to comply with clearly mandated requirements in the Federal Rules. Otherwise, we would be encouraging litigants to invite courts to commit easily avoidable errors. District courts today suffer under a burdensome caseload, and a certain degree of cooperation and assistance from litigants is essential to the judicial system's effective operation. Just as we require attorneys to certify that all arguments presented to the court have legal and factual bases, see Fed. R. Civ. P. 11(b), we likewise impose upon attorneys the duty to make sure that their requests are not expressly forbidden under the rules.

214 F.3d at 1180.

circumstances that would justify excusing the debtor's untimely notice of appeal.  The Court therefore lacks jurisdiction over debtor's appeal.

**IT IS THEREFORE ORDERED** that the <u>Trustee's Motion To Dismiss Appeal For Lack Of Subject Matter Jurisdiction</u> (Doc. #2) filed May 3, 2011 be and hereby is **SUSTAINED**.  The Court hereby dismisses debtor's appeal for lack of jurisdiction.

Dated this 23rd day of September, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge